20-1453-cv
Blutreich v. North Shore-Long Island Jewish Health System

# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **April 16, 2021**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-one.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

AHNA BLUTREICH,

   *Plaintiff-Appellant*,

   v.                                                    No. 20-1453-cv

NORTH SHORE-LONG ISLAND JEWISH
HEALTH SYSTEM, INC., WILLIAM RODGERS,

   *Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:       AHNA BLUTREICH, *pro se*,
                                New York, NY

FOR DEFENDANTS-APPELLEES:      PETER D. STERGIOS, McCarter &
                                English, LLP, New York, NY

MANDATE ISSUED ON 04/16/2021

1     Appeal from a judgment of the United States District Court for the

2  Southern District of New York (Edgardo Ramos, *Judge*).

3     UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

4  AND DECREED that the judgment of the District Court is AFFIRMED.

5     Ahna Blutreich, proceeding pro se, appeals from the March 31, 2020

6  judgment of the United States District Court for the Southern District of New

7  York (Ramos, J.) granting summary judgment in favor of the Defendants-

8  Appellees.   Blutreich brought claims against her former employer, North Shore-

9  Long Island Jewish Health System, Inc. ("North Shore"), and her former

10 supervisor, Dr. William Rodgers, for retaliation in violation of Title VII of the

11 Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and the New York

12 City Human Rights Law (NYCHRL).   We assume the parties' familiarity with

13 the underlying facts and prior proceedings, to which we refer only as necessary

14 to explain our decision to affirm.

15    We review orders granting summary judgment de novo, construing the

16 evidence in the light most favorable to the non-moving party and drawing all

17 reasonable inferences in its favor.   See Sotomayor v. City of New York, 713 F.3d

18 163, 164 (2d Cir. 2013).   Summary judgment is appropriate if "there is no

2

genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)). The submissions of a pro se litigant "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (quotation marks omitted).

A. Title VII Retaliation

To establish a prima facie case of retaliation under Title VII, a plaintiff must show participation in an activity protected under Title VII, an adverse employment action, and a causal connection between the protected activity and the adverse action. Rasmy v. Marriott Int'l, Inc., 952 F.3d 379, 391 (2d Cir. 2020). Blutreich argues that the Defendants-Appellees retaliated against her by providing negative references to several of Blutreich's prospective employers, maintaining and reporting inaccurate information regarding Blutreich's title and dates of employment, and responding slowly to credentialing and employment verification requests.

For substantially the reasons stated by the District Court in its March 31, 2020 opinion and order granting summary judgment, we conclude that Blutreich did not proffer admissible evidence from which a rational jury could determine

3

that Blutreich suffered an adverse employment action.   First, no record evidence suggests that any prospective employer communicated with or sought a reference from Rodgers or Dr. Samuel Wahl, neither of whom Blutreich listed as a reference on her employment applications.[1]   To the contrary, the only two prospective employers to be deposed testified that they did not recall speaking with any of Blutreich's references, much less with Rodgers or Wahl.   Second, the sole employment verification report in the record listed Blutreich as an "Assistant Pathologist" with a start date in December 2011.   This matched the undisputed evidence regarding Blutreich's title and dates of employment with North Shore's predecessor, Lenox Hill Hospital.[2]  Finally, Blutreich herself noted that credentialing generally takes three months, and employment verification can take one to two weeks.   North Shore took three months to complete the only credentialing request for which Blutreich provided details in this litigation, and it

---

[1] Blutreich stresses that Rodgers spoke about her with Dr. Mark Friedman, to whom Blutreich once applied for a position.   But this conversation took place in 2012, and Blutreich alleges that she applied for a position with Friedman only in March 2013.
[2] Moreover, North Shore's records contained the purportedly incorrect information well <u>before</u> Blutreich engaged in any protected activity.   Thus, even if the information were inaccurate, nothing in the record suggests that the inaccuracy was the result of retaliation for engaging in protected activity.   See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001).

completed the only employment verification request in the record in just five days.

Accordingly, we conclude that the District Court correctly granted summary judgment to the Defendants-Appellees on Blutreich's Title VII retaliation claim.

B. <u>NYCHRL Retaliation</u>

A plaintiff claiming retaliation under the NYCHRL "must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 112 (2d Cir. 2013). Blutreich suggests that the District Court could have ruled in her favor under the NYCHRL's broader anti-retaliation provision. For substantially the reasons stated by the District Court, however, we conclude that Blutreich failed to establish that she suffered any adverse employment action even under the NYCHRL's more liberal standard.[3] <u>See, e.g.</u>, <u>Golston-</u>

---

[3] Because the District Court correctly determined that Blutreich failed to produce evidence from which a rational jury could conclude that North Shore violated the NYCHRL, it also properly granted summary judgment as to her derivative aiding and abetting claim against Rodgers. See <u>Ya-Chen Chen v. City Univ. of N.Y.</u>, 805 F.3d 59, 77 n.14 (2d Cir. 2015).

5

Green v. City of New York, 123 N.Y.S.3d 656, 667 (2d Dep't 2020); Harrington v. City of New York, 70 N.Y.S.3d 177, 180 (1st Dep't 2018).

We have considered Blutreich's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6